Larry G. Grubbs
Grubbs Law Office, PLLC
5856 Canyonwoods Drive
Billings, MT 59106-9702
Telephone: (406) 245-0900
Email: lggrubbs@gmail.com
***Counsel for Plaintiffs***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| **EDWARD DUCHENEAUX** and **MAE KELLER,** as Co-Personal Representatives of the **ESTATE OF PAUL DUCHENEAUX, DECEASED,** | ) ) ) ) | Civil Action No. CV-19-6-BLG-SPW-TJC |
| Plaintiffs, | ) ) | **COMPLAINT** |
| vs. | ) ) | **and** **DEMAND FOR JURY TRIAL** |
| **LOWER YELLOWSTONE RURAL ELECTRIC ASSOCIATION, INC.,** a Montana corporation, d/b/a **LOWER YELLOWSTONE RURAL ELECTRIC COOPERATIVE,** | ) ) ) ) ) | |
| Defendant. | ) ) | |

COME NOW the Plaintiffs, Edward Ducheneaux and Mae Keller as the

Co-Personal Representatives of the Estate of Paul Ducheneaux, Deceased, on

behalf of the Estate of Paul Ducheneaux; on behalf of Paul Ducheneaux's minor

children, SD, CD, and RD; and, on behalf of Paul Ducheneaux's parents, Frank

Ducheneaux and Carol Ducheneaux; and, for their claims against the Defendant

allege as follows.

## COUNT ONE - SURVIVAL ACTION

1.      This action arises from severe injuries to and the consequent death of Paul Ducheneaux ("Paul") in Richland County, Montana, on October 8, 2016, when the bucket of an aerial lift bucket truck in which he was working at a height of 50 feet crashed to the ground after the truck tipped over.

2.      On and prior to October 8, 2016, Paul was a citizen and resident of the State of South Dakota.

3.      Plaintiffs Edward Ducheneaux and Mae Keller, who are and at all relevant times were citizens and residents of the state of South Dakota, were appointed as the Co-Personal Representatives of Paul's Estate on January 30, 2017, by the South Dakota Circuit Court for the Fourth Judicial Circuit, Dewey County, South Dakota, in File No. 20PRO17-000002.  Plaintiffs bring this action in their representative capacities as the Co-Personal Representatives of Paul's Estate on behalf of the Estate, Paul's three minor children, and Paul's parents.

4.      Paul is survived by his three minor children, SD, CD, and RD, who are and at all relevant times were citizens and residents of states other than Montana.  Specifically, SD and CD are citizens and residents of the state of South Dakota, and RD is a resident and citizen of the state of North Dakota.

5.      Paul is also survived by his parents, Carol Ducheneaux and Frank Ducheneaux, who are and at all relevant times were citizens of South Dakota.

6.     At the time of the events of October 8, 2016, that caused Paul's injuries and death, he was an employee of Midwest Power, Inc. ("Midwest"), a North Dakota corporation, acting within the course and scope of that employment.

7.     Defendant Lower Yellowstone Rural Electric Association, Inc., a Montana corporation doing business as Lower Yellowstone Rural Electric Cooperative ("LYREC"), is and at all relevant times was a citizen of the State of Montana with its principal place of business in Sidney, Richland County, Montana, engaged in the business of providing electrical power to customers in eastern Montana and western North Dakota.

8.     This Court has jurisdiction of this action by virtue of 28 U.S.C. § 1332 in that the parties are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

9.     Some months prior to October 8, 2016, LYREC (as owner and general contractor) contracted with Midwest (as subcontractor) regarding the construction of LYREC's Helmet-Iverson 115 kV Transmission Line ("Project") in eastern Montana, and at all relevant times on October 8, 2016, Paul was engaged in work on that construction Project.

10.     The power line construction Project in which the Defendant LYREC and its subcontractor, Midwest, were engaged involved inherently and intrinsically dangerous and hazardous activities, including among other things the use of

-3-

aerial lift bucket trucks to elevate workers to dangerous heights above the ground to conduct work at and near the power lines and poles.

11.    In the course of the Project construction work during and prior to October 8, 2018, Midwest breached its duties to Paul and was negligent and negligent *per se* in that, among other things, it failed to exercise reasonable care and take reasonable precautions against the risks of serious injury and death inherent in its use of aerial lift bucket trucks to elevate its workers to dangerous heights to conduct power line construction work, including the grave risks of bucket truck tip-overs; failed to perform reasonable inspections and adequately maintain the aerial lift bucket truck, and attached outriggers, used by Paul and other employees to perform the construction work; failed to provide Paul with a safe place to work; failed to adopt and use practices, means, methods, operations, and processes reasonably adequate to render Paul's place of employment safe; to comply with industry standards, rules, regulations, and statutes applicable to aerial lift bucket truck safety; and, otherwise failed to do and provide things reasonably necessary to protect Paul's life, health, and safety.

12.    As the general contractor on the power line construction Project, Defendant LYREC is vicariously liable for Paul's severe injuries, death, and consequent economic and non-economic damages caused by Midwest's above-described breaches of duty and tortious acts and omissions.

-4-

13.    At all material times, Defendant LYREC knew or should have known that the work to be performed in course of the power line Project was inherently dangerous.

14.    At all material times Defendant LYREC knew or should have known of the inherently dangerous and hazardous activities involved in power line construction work and maintenance projects which expose workers to risks of serious bodily injury and death unless precautions are taken, including but not limited to the grave risks, dangers, and hazards inherent in the use of aerial lift bucket trucks to elevate workers to dangerous heights, specifically including the risks and dangers of a bucket truck tip-over; and, knew or should have known of the necessity that precautions be taken against such risks, specifically including reasonable inspections and adequate maintenance of bucket lift trucks and the outriggers that stabilize them.

15.    At all material times, Defendant LYREC had a duty to provide for precautions against the inherently dangerous work and activities involved in the Project.

16.    Defendant LYREC breached its duties to Paul and other workers on the Project in that, among other things. LYREC failed to provide in the contract or otherwise specifically require that its subcontractor take precautions against risks of serious injury and death, including precautions against the risks of an aerial lift

bucket truck tip-over, specifically including reasonable inspections and maintenance of the bucket trucks and their outriggers; and, it failed to exercise reasonable care to provide in some other manner for the taking of such precautions.

17.     Defendant LYREC had a duty to provide Paul with a safe place to work, but breached that duty in that it failed to adopt, use, and/or require practices, means, methods, operations, and processes reasonably adequate to render Paul's place of employment safe; failed to comply and/or require compliance with industry standards, rules, regulations, and statutes applicable to power line construction and aerial lift bucket truck safety; and, otherwise failed to do, provide, and/or require things reasonably necessary to protect Paul's life, health, and safety.

18.     In addition to its vicarious liability for the tortious conduct by Midwest, Defendant LYREC is directly liable for its own above-described acts, omissions, and breaches of duty, which constituted negligence and negligence *per se*, and for all economic and non-economic damages caused thereby.

19.     In the course of his work on the construction Project during the afternoon of October 8, 2016, Paul was in Richland County, Montana, working some 50 feet above the ground in the bucket of a Midwest aerial lift bucket truck when one of the outriggers supporting and stabilizing the truck failed and collapsed due to wear, corrosion, and disrepair.

20.     As a consequence of said outrigger failure, the subject Elliott aerial lift bucket truck suddenly tipped over, and the bucket in which Paul was working atop the truck's boom plummeted some 50 to 60 feet to the ground, causing severe bodily injuries to Paul from which he subsequently died after surviving for an appreciable length of time.

21.     As a direct result of said breaches of duty, negligence, and negligence *per se*, and the consequent outrigger failure, truck tip-over, and violent crash of the lift bucket to the ground, Paul suffered great shock, fear and emotional distress; suffered severe bodily injuries which subsequently led to his death; suffered great physical pain and anguish; and suffered substantial economic loss and harm, including medical, funeral, and burial expenses, and the value of the past and future earnings, benefits, and income he would have generated during his normal life expectancy, all to his and/or his Estate's damage in amounts to be determined herein.

## COUNT TWO - WRONGFUL DEATH ACTION

22.     Plaintiffs reallege and incorporate herein the allegations of paragraphs 1 through 21, above, as though fully set forth.

23.     As a further direct result of said breaches of duty, negligence, and negligence *per se*, and Paul's consequent severe injuries and death, Paul's surviving minor children, SD, CD and RD, have suffered and will continue to

suffer grief, sorrow, and emotional distress; have lost and will continue to be without their father's love, care, comfort, companionship, society, advice, and assistance; have lost and will lose their father's financial support; and, have otherwise been harmed, all to their past and future damage in amounts to be determined herein.

24.     As a further direct result of said breaches of duty, negligence, and negligence *per se*, and Paul's consequent severe injuries and death, Paul's surviving mother and father, Carol and Frank Ducheneaux, with whom Paul had an extraordinarily close relationship, have suffered and will suffer grief, sorrow, and emotional distress; have lost and will continue to be without their son's love, care, comfort, companionship, society, advice, and assistance; and, have otherwise been harmed, all to their past and future damage in amounts to be determined herein.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant:

A.      For all past and future general and special damages allowed in a survival action under Montana law, together with prejudgment interest to the extent allowed by law, in amounts to be determined herein;

B.      For all past and future general and special damages allowed in a wrongful death action on behalf of the decedent's minor children and parents under Montana law, together with prejudgment interest to the extent allowed by law, in amounts to be determined herein;

-8-

C.     For their costs of suit; and,

D.     For such other an further relief as may be just and equitable under the circumstances.

**Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand trial by jury on all issues so triable herein.**

DATED this 24th day of January, 2019.

**GRUBBS LAW OFFICE, PLLC**

By: _____

Larry G. Grubbs
5856 Canyonwoods Drive
Billings, MT 59106-9702
Telephone: (406) 245-0900
Email: lggrubbs@gmail.com
*Counsel for Plaintiffs*