IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EDWARD DUCHENEAUX and MAE KELLER, as Co-Personal Representatives of the ESTATE OF PAUL DUCHENEAUX, DECEASED,<br><br>Plaintiff,<br><br>vs.<br><br>LOWER YELLOWSTONE RURAL ELECTRIC ASSOCIATION, INC., a Montana Corporation d/b/a Lower Yellowstone Rural Electric Cooperative, et al.,<br><br>Defendants. | CV  19-6-BLG-TJC<br><br>**ORDER** |

Defendant Lower Yellowstone Rural Electric Association, Inc., doing business as Lower Yellowstone Rural Electric Cooperative ("LYREC") has filed a "Objections to Magistrate's Findings." (Doc. 165.) LYREC purports to object to this Court's December 3, 2020 Order Denying LYREC's Motion for Summary Judgment, as if it were a Findings and Recommendation entered under 28 U.S.C. § 636(b)(1)(B). Because the parties have consented to the exercise of jurisdiction by a magistrate judge, however, the Court's Order was entered pursuant to 28 U.S.C. 636(c)(1). Accordingly, LYREC's objection is procedurally improper.

The Federal Magistrate Act provides that upon consent of the parties, a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1). *See also* Fed.R.Civ.P. 73(a). In such cases, the appeal route from any final order or judgment entered by a magistrate judge is directly to the appropriate United States court of appeals, not the district court. 28 U.S.C. § 636(c)(3) ("Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court."); Fed.R.Civ.P. 73(c) ("In accordance with 28 U.S.C. § 636(c)(3), an appeal from a judgment entered at a magistrate judge's direction may be taken to the court of appeals as would any other appeal from a district-court judgment.").

Here, the parties' voluntary authorized the undersigned to preside over this case for all purposes pursuant to 28 U.S.C. § 636(c). (*See* Doc. 12.) "[A] § 636(c)(1) referral gives the magistrate judge full authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585 (2003). LYREC's Objection to this

Court's December 3, 2020 Order, therefore, is not the proper procedural mechanism for challenging the Order.

Accordingly, **IT IS HEREBY ORDERED** that LYREC's Objection (Doc. 165) is **DENIED AS MOOT**.

DATED this 7th day of December, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge